LOW *versus* HUTCHINSON.

For breach of an illegal contract no action can be maintained.

Thus where an attorney at law agreed with the plaintiff, that if he would permit him to commence a suit in his name and the action failed, he would pay all the costs, and such suit was commenced and the plaintiff was compelled to pay the bill of costs thereon; *it was held,* that the agreement was illegal and could not be enforced.

Whether compensation for professional services, rendered under such an agreement, can be recovered; *quere.*

ON REPORT from *Nisi Prius,* SHEPLEY, C. J., presiding.

ASSUMPSIT. The writ contained two counts, one on the contract referred to, and one for money had and received.

The defendant, as an attorney at law, undertook to collect a debt for the plaintiff, upon which judgment was obtained and execution. Upon the execution, the judgment debtor was arrested and gave a relief bond.

The defendant commenced a suit upon the bond and, before this was done, agreed with the plaintiff that if the action failed, he would pay all costs. In that suit judgment was rendered for the defendant, and the plaintiff was obliged to pay the bill of costs. The amount paid was demanded of the defendant.

Upon the evidence, as produced by the plaintiff, it was stipulated that the Court should render such judgment as the rights of the parties might require.

*Emery* and *Loring,* for the plaintiff.

1. The parties to the contract declared on are not in *pari delicto,* and therefore the first count in the plaintiff's writ is good. In *pari delicto potior est conditio defendentis et possidentis.* "But in order that this rule should have full effect, one of two requisites must occur; first, the contract must have been *malum in se,* involving criminality or moral turpitude, or, second, if it be merely *malum prohibitum,* it should appear that the parties are in equal fault, in *pari delicto.*" Story on Contracts, § 489.

The statute, c. 158, § 16, contains no general prohibition. It imposes no penalty on the client. It was intended as a

regulation only of the conduct of attorneys and officers of the law.

In *Hill* v. *Smith*, 1 Morris, (Iowa,) 70, U. S. Dig. 1848, p. 13, § 48, the language of the Court is, "where the statute fixes a mere penalty, contracts in relation to matters which subject the *maker* to that penalty, are not invalidated."

2. If the contract declared on was equally prohibited to both parties, the maxim, *ignorantia legis neminem excusat*, would not apply to the plaintiff.

In *Holman & al.* v. *Johnson, alias Newland*, 1 Cowper, 341, Lord MANSFIELD said, "the objection that a contract is immoral or illegal as between plaintiff and defendant, sounds at all times very ill in the mouth of the defendant." The objection here is from one who knew at the time he made the contract that it was illegal.

"But the Court will always look into the dealings between attorney and client and guard the latter from imposition." *Star* v. *Vanderheyden*, 9 Johns. 253, 1 U. S. Dig. 339, § 369; *Downing* v. *Major*, 2 Dana, 228, U. S. Dig. 339, § 374; *Smith* v. *Thompson*, 7 B. Munroe, 305.

"The law looks with jealousy upon such contracts, (viz., between attorney and client,) on account of the influence of the attorney over his client. He must show that he has not used it to the prejudice of his client, and that his client was *as well advised* on the subject as himself." *Miles* v. *Ervin*, 1 McCord's Ch. 524, 1 U. S. Dig. 339, § 370; *Bibb* v. *Smith*, 1 Dana, 582. Has defendant shown that plaintiff was as well advised on the subject of the contract as himself?

"A distinction, however, is to be made between those cases, in which one of the parties has by an illegal act taken advantage of the other, or *imposed* upon him, and those cases in which both parties have been equally in fault." Story on Contracts, § 544. See also § 618.

3. If the contract set out in the first count in the writ is illegal and void, then Hutchinson was not employed by Low to bring the suit against *Dore et al.*, but expressly forbidden, and having done so, he did it for his own benefit, and the

money which Low was compelled to pay he paid to the use of Hutchinson, and he is entitled to recover the same on the second count in his writ for money paid, &c., he requiring no aid from the illegal contract to establish his case.

Nor will the illegal contract defeat this count.

" The test whether a demand connected with an illegal contract can be enforced at law is, that the plaintiff requires the aid of the illegal transaction to establish his case." *Scott* v. *Duffey*, 14 Penn. R. (2 Harris') 18, 11 U. S. Dig. 1851, p. 14, § 25.

The plaintiff requires no aid from the contract to support this count.

*Eastman* and *Leland*, for the defendant, contended that the agreement declared on was in violation of an express provision of the statute and consequently void. R. S., § 16.

And that no action can be maintained on such an agreement. *Wheeler* v. *Russell*, 17 Mass. 258; 13 Pick. 518; 22 Maine, 488.

If, from the plaintiff's own showing, or otherwise, the cause of action *appears* to arise " *ex turpi causa*," he has no right to be assisted. They also cited 21 Vt., 184, 199, 456.

HOWARD, J. — The contract, as stated by the plaintiff, rests upon an illegal consideration, and was, apparently, intended to aid in carrying into effect a transaction prohibited by law. It falls within the prohibition of the R. S., (c. 158, § 16,) and consequently, is unlawful. Its enforcement would involve a violation of law, and, therefore, it cannot be enforced.

Whether compensation for professional services rendered under an agreement, like that supposed in this case, can be recovered, is not now presented for consideration.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred.